UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER S. HOGREN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civil Action 2:19-cv-854
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

# REPORT AND RECOMMENDATION

Plaintiff, Christopher S. Hogren ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 15), the Commissioner's Memorandum in Opposition (ECF No. 22), Plaintiff's Reply Memorandum (ECF No. 23), and the administrative record (ECF No. 8). For the reasons that follow, the undersigned **RECOMMENDEDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## I.    BACKGROUND

Plaintiff first filed an application for Title II disability benefits on July 26, 2012, alleging a disability onset date of January 8, 2008. After denial of his claim at the initial and reconsideration level, hearings were held before Administrative Law Judge Diane Raese Flebbe

("ALJ Flebbe"), after which ALJ Flebbe issued a decision dated January 28, 2015, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 134–150). Plaintiff did not appeal that decision.

On December 16, 2015, Plaintiff filed another application for Title II disability benefits, alleging a disability onset date of May 30, 2012. (R. 289.) Plaintiff later amended the disability onset date for his second application to February 1, 2015—that is, four days after ALJ Flebbe's decision. (R. 396.) On March 9, 2018, following initial administrative denials of Plaintiff's second application, a hearing was held before Administrative Law Judge Noceeba Southern ("ALJ Southern"). (*Id.* at 81–130.) Plaintiff, represented by counsel, appeared and testified. Vocational expert Michael Klein (the "VE") also appeared and testified at the hearing. On June 28, 2018, ALJ Southern issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 12–25.) On January 1, 2019, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (*Id.* at 1–3.) Plaintiff then timely commenced the instant action.

In his Statement of Errors (ECF No. 15), Plaintiff raises several contentions of error: (1) the ALJ incorrectly applied the standard of *Drummond v. Comm'r Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997); (2) the ALJ failed to apply newly-updated Listing regulations; (3) the ALJ failed to consider Plaintiff's alcohol abuse; (4) the ALJ's listed severe impairment of "residuals from a traumatic brain injury" is too vague to permit review; and (5) the ALJ improperly discounted Plaintiff's wife's testimony.

II.     STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### III.     ANALYSIS

Plaintiff raises five issues in his Statement of Errors (ECF No. 15). The undersigned finds that remand is required as to Plaintiff's first contention of error because ALJ Southern incorrectly believed she was bound by the previous findings of ALJ Flebbe.

In *Drummond v. Commissioner of Social Security*, the United States Court of Appeals for the Sixth Circuit held that principles of *res judicata* apply to both claimants and the

3

Commissioner in Social Security cases. 126 F.3d at 841–42. The *Drummond* court specifically held that absent evidence of "changed circumstances" relating to a claimant's condition, "a subsequent ALJ is bound by the findings of a previous ALJ." *Id.* at 842. Following *Drummond*, the Social Security Administration issued AR 98-4(6), which provides, in pertinent part, as follows:

> [W]hen adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98–4(6), 1998 WL 283902, at *3 (June 1, 1998).

The Sixth Circuit recently clarified its *Drummond* decision in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018). In *Earley*, the ALJ found that *Drummond* required him to give preclusive effect to a prior RFC determination absent "'new and material evidence documenting a significant change in the claimant's condition.'" *Id.* (record citation omitted). The Sixth Circuit disagreed with the ALJ's approach and held that "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory threshold." 893 F.3d at 932. The Sixth Circuit explained that "the key principles protected by *Drummond*—consistency between proceedings and finality with respect to resolved applications"—do not prohibit the Social Security Administration "from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Id.* at 931. Thus, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Id.* at 933 (citations omitted).

4

Nonetheless, "[f]resh review is not blind review," and "[a] later administrative law judge may consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Id*. at 934. Indeed, "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* at 933.

Courts applying the "fresh look" test must do so with consideration for the underlying principle animating *Earley*: fairness to the applicant. *See Ferrell v. Berryhill*, No. 1:16-CV-00050, 2019 WL 2077501, at *5 (E.D. Tenn. May 10, 2019) (explaining that "the point" of *Earley* is fairness to the applicant). Accordingly, "an applicant should have the opportunity for a full hearing, with no presumptions applied, when the claim covers a new period of time not addressed in the prior hearing." *Id.* As a result, "if an ALJ is under the mistaken assumption that she is bound by the earlier ALJ's decision, the applicant is faced with 'an unwarranted procedural burden . . . at the second hearing.'" *Maynard v. Comm'r of Soc. Sec.*, No. 2:18-CV-959, 2019 WL 3334327, at *6 (S.D. Ohio July 25, 2019), *report and recommendation adopted*, 2019 WL 3891859 (S.D. Ohio Aug. 16, 2019) (quoting *Ferrell*, 2019 WL 2077501, at *6).

In this case, Plaintiff submitted new and additional evidence regarding his impairments during the period subsequent to ALJ Flebbe's decision. For instance, he submitted treatment notes and opinions from several treating and examining physicians that were not available for review by ALJ Flebbe. (*See*, *e.g.*, Progress Notes spanning Sept. 15, 2015–Oct. 17, 2017, from Steven Simensky, M.D., R. 468–505, 562–67, 590–601, 623–34; Neuropsychological Evaluation dated April 5, 2017, by Scott Magnuson, Psy.D., R. 606–12; Psychological Evaluation dated February 12, 2016, by Lisa M. Thornton, Ph.D., R. 459–65.) These additional medical records satisfy the "new evidence" standard required for a "fresh look" under *Earley*. 893 F.3d at 931.

5

Yet here, as in *Earley*, ALJ Southern concluded that she was bound by ALJ Flebbe's 2015 decision when considering Plaintiff's second application. (R. at 13 ("[I]n the absence of new and material additional evidence or changed circumstances, a subsequent ALJ is bound by the findings of a previous ALJ or Appeals Council decision").) The Court must ask whether ALJ Southern, "despite purporting to follow *Drummond*, gave the evidence a fresh look" as required by *Earley*. *See Johnson v. Comm'r of Soc. Sec.*, No. 2:17-CV-13126, 2018 WL 6440897, at *15 (E.D. Mich. Oct. 22, 2018) (collecting cases). "If so, then the ALJ's decision satisfie[s] *Earley*; if not, then remand [i]s appropriate." *See id*.

The undersigned finds that remand is warranted in this case. ALJ Southern opened her decision by stating that because Plaintiff's application before her "represents a subsequent disability claim with respect to an unadjudicated period (the period extending from the date of the prior ALJ decision through the date of this decision), arising under the same title of the Act as his prior claim, on which there was a final decision by an ALJ," AR 98-4(6) applied. (R. 13.) She then applied the *Drummond* standard, asserting that she was bound by ALJ Flebbe's decision:

> [T]he undersigned finds that there is not new and material additional evidence or changed circumstances that would warrant a deviation from the findings set forth in the prior ALJ decision. As such, the undersigned is bound by and must follow the findings of the previous Administrative Law Judge's (or Appeal's Council's) decision.

(*Id.* at 13–14.) ALJ Southern then found that Plaintiff suffered from the same severe impairments and had the same residual functional capacity as determined by ALJ Flebbe. (R. 15, 17, 137, 150.) Although it is of course possible for two ALJs to arrive at the same conclusions after independent review, ALJ Southern specifically stated:

> Evidence from the prior application will not be reweighed as these documents were weighed in connection with the prior, and now final, determination by this Agency

6

and the undersigned is not empowered to re-weigh them individually or collectively. Such evidence has been reviewed for historical purposes only.

(R. 23.)

Thus, notwithstanding the new and additional evidence before her, ALJ Southern did not simply treat ALJ Flebbe's decision as a "legitimate, albeit not binding consideration" as *Earley* directs, but rather explicitly concluded that ALJ Flebbe's previous evaluation of Plaintiff's medical records was binding. ALJ Southern's "mistake was to credit ALJ [Flebbe's] findings because AR-98-4(6) and *Drummond* mandated [her] to do so, not because [her] fresh look at Plaintiff's new and additional evidence led [her] to do so." *See Parrish v. Comm'r of Soc. Sec.*, No. 3:17-CV-411, 2019 WL 4667730, at *2 (S.D. Ohio Sept. 25, 2019). Under these circumstances, Plaintiff "faced . . . an unwarranted procedural burden at the second hearing." *See Maynard*, 2019 WL 3334327, at *6 (quoting *Ferrell*, 2019 WL 2077501, at *6) (internal quotation marks and alterations omitted). Plaintiff is therefore entitled to "a full hearing, with no presumptions applied" on remand. *See Ferrell*, 2019 WL 2077501, at *5.

This finding obviates the need to analyze and resolve Plaintiff's remaining contentions of error. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error if appropriate.

## IV. DISPOSITION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE