UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER S. HOGREN,

  Plaintiff,

  v.                                    Civil Action 2:19-cv-854
                                        Judge Sarah D. Morrison
                                        Magistrate Judge Chelsey M. Vascura
COMMISSIONER OF SOCIAL
SECURITY,

  Defendant.

REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act and affidavit in support thereof (ECF Nos. 28, 29), the Commissioner's Response in Opposition (ECF No. 30), and Plaintiff's Reply (ECF No. 32).  As an initial matter, the undersigned notes that Plaintiff's Reply (ECF No. 32) was not timely filed.  *See* S.D. Ohio Civ. R. 7.2(a)(2).  Nonetheless, it was considered.  For the reasons that follow, the undersigned **RECOMMENDS** that Plaintiff's Motion be **GRANTED IN PART** and that the Court **AWARD $7,876.12** in attorney fees and costs.

## I.  BACKGROUND

Plaintiff filed this action on March 8, 2019, seeking review of an adverse decision of the Commissioner of Social Security (the "Commissioner").  (ECF No. 1.)  On February 20, 2020, the undersigned issued a Report and Recommendation ("R&R") recommending remand on the basis that Administrative Law Judge Noceeba Southern incorrectly applied the principles of *res*

*judicata*—as set forth in *Drummond v. Comm'r Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) and

clarified in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018)—in finding that she was

bound by the decision of Administrative Law Judge Diane Raese Flebbe, who heard Plaintiff's

claim for benefits covering a prior time period.  (ECF No. 25.)  On March 9, 2020, this Court

adopted the R&R, reversing the Commissioner's decision and remanding the case for further

consideration consistent therewith.  (ECF No. 26.)  On March 26, 2020, Plaintiff filed the instant

Motion seeking an award of attorney fees under the Equal Access to Justice Act ("EAJA").

Specifically, Plaintiff seeks an award of attorney fees in the amount of $10,200.00 for 40.8 hours

that his counsel worked on this case before this Court, at a rate of $250.00 per hour, plus $400.00

in costs.

## II.    APPLICABLE LAW

Under the EAJA, when the plaintiff is a prevailing party in an action against the

government, a court must award attorney fees and expenses, unless the government's position is

substantially justified or special circumstances would make an award unjust.  28 U.S.C.

§ 2412(d)(1)(A).  "Once a court makes the threshold determination that a party is eligible for

EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee

award," which "is the product of the number of hours billed and a reasonable hourly rate."

*Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (internal quotation marks and

citations omitted).

With respect to the reasonable hourly rate, the EAJA limits recovery of attorney fees to

$125.00 per hour unless the court concludes that the circumstances justify a higher rate:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind
> and quality of the services furnished, except that . . . attorney fees shall not be awarded in
> excess of $125 per hour unless the court determines that an increase in the cost of living or

> a special factor, such as the limited availability of qualified attorneys for the proceedings
> involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  In analyzing the EAJA, the United States Court of Appeals for the

Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor." *Chipman v.*

*Sec'y of Health & Hum. Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  Furthermore, "[i]n requesting

an increase in the hourly-fee rate, plaintiffs bear the burden of producing appropriate evidence to

support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir.

2009).  Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory

evidence—in addition to the attorney's own affidavits—that the requested rates are in line with

those prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for a cost-of-living adjustment

to justify an award in excess of $125.00 per hour.  *See Begley v. Sec'y of Health & Hum. Servs.*,

966 F.2d 196, 199 (6th Cir. 1992).  The determination of whether a cost-of-living increase

justifies a fee in excess of the $125.00 rate is left to the Court's discretion.  *Id.*  It is not

sufficient, however, that a party submit only the Department of Labor's Consumer Price Index

("CPI") and argue that inflation justifies an increase in fees.  *Bryant*, 578 F.3d at 450.

With respect to whether the number of hours expended is reasonable, the Sixth Circuit

has advised that "[t]he relevant question . . . is not what is required in *most* social security cases,

but what did *this* case require." *Glass*, 822 F.2d at 20.  The *Glass* Court explained as follows:

> Fee shifting statutes are intended to encourage competent counsel to accept cases
> which perhaps otherwise they would not.  By assuring the recovery of a reasonable
> fee, § 406(b)(1) helps to accomplish this result.  When an attorney agrees to
> represent a social security claimant, he obligates himself to perform to the best of
> his ability.  The case in question may be particularly difficult or inordinately easy;
> the issues may be complex or simple; and the attorney will be experienced or
> inexperienced, skilled or unskilled.  Calculating a fee award that accounts for these

3

> factors will achieve the statutory goal of enabling social security claimants to obtain
> legal assistance by ensuring "reasonable" compensation for attorneys.

*Id*. at 21. The *Glass* Court added, "[h]ad Congress intended to authorize a specific average fee,

applicable in every case, as a reasonable fee in social security cases, we have no doubt it would

have said so." *Id*. "Hours may be cut for duplication, padding or frivolous claims," but a court

rejecting a counsel's tabulation of hours expended "must identify the hours rejected and specify

with particularity the reasons for their rejection." *Id*. (internal quotation marks and citations

omitted); *see also Minor*, 826 F.3d at 883–84 ("Although the trial court's discretion in fee award

cases sweeps broadly, it is not absolute. Among other things, the district court must provide a

clear and concise explanation of its reasons for the fee award." (internal quotation marks and

citations omitted)).

### III.     ANALYSIS

The Commissioner does not argue that his position in this case was substantially justified

or that special circumstances would render an award unjust. The Commissioner likewise does

not dispute the $400.00 in costs incurred by Plaintiff's counsel. As a result, the undersigned will

discuss the "reasonable hourly rate" and "reasonable hours expended" components of the

lodestar computation, in turn.

### A.     Reasonable Hourly Rate

In his Motion, Plaintiff argues that $250.00 is a reasonable hourly rate because it is

justified by increases in the cost of living, and because his counsel, Diane Jaquish, has

considerable experience litigating Social Security Disability cases. (Pl.'s Mem. in Supp. at 3–5,

ECF No. 28-1.) In support, Plaintiff submits: (i) CPI data showing that the $125.00 statutory cap

established by Congress in March 1996 was the equivalent of $195.00 at the time this case was

filed (*see* Pl.'s Mem. in Supp. at Ex. 1, ECF No. 28-1); (ii) data from a Bureau of Labor

4

Statistics calculator showing that the $125.00 statutory cap was the equivalent of $204.08 at the time this case was filed (*see* Pl.'s Mem. in Supp. at Ex. 2, ECF No. 28-1); (iii) a March 2020 affidavit of Ms. Jaquish stating that $250.00 was her standard hourly rate (*see* Affidavit of Diane Jaquish at ¶ 9, ECF No. 29); and (iv) a September 2015 affidavit of Marcia Margolius, a Social Security claimant's representative based in Ohio, stating that her standard hourly rate at the time was $400.00 (*see* Pl.'s Mem. in Supp. at Ex. 4, ECF No. 28-1).

The Commissioner counters that Plaintiff has not satisfied his burden of proving that the requested $250.00 hourly rate is in line with the prevailing rates in the community. (Comm'r's Resp. at 3, ECF No. 30.) The Commissioner argues that, as a result, the hourly rate should be reduced to $196.74, which reflects the $125.00 statutory cap as adjusted for the cost of living, in accordance with the CPI for Midwest Urban locations as of July 2019.

The undersigned agrees that Plaintiff has not met his burden of establishing that $250.00 per hour is the prevailing rate among attorneys in the community with his counsel's skill, experience, and reputation. Ms. Margolius' affidavit, signed on September 1, 2015, does not satisfy the inquiry.[1] (Pl.'s Mem. in Supp. at Ex. 4, ECF No. 28-1.) Therein, Ms. Margolius recited the resume of an expert in Social Security disability laws and litigation—including frequent speaking engagements, testimony before Congress, and tenure as President of a national association of Social Security claimants' attorneys. (*Id*.) Ms. Margolius further stated that she had "represented thousands of claimants in Social Security cases at all administrative levels," and had "handled hundreds of Social Security cases in the Federal District Courts as well as

---

[1] Ms. Margolius' 2015 same affidavit was also submitted to support a request for a $275.00 hourly rate in a 2016 case litigated by Ms. Jaquish. (The undersigned does find it curious that Ms. Jaquish's hourly rate is $25.00 less today than it was four years ago.) Our sister district found Ms. Margolius' affidavit similarly insufficient to support the requested rate. *See Hoover v. Colvin*, No. 1:14-cv-2483, 2016 WL 7048311, at *2–3, (N.D. Ohio, Dec. 5, 2016).

several at the Sixth Circuit Court of Appeals" in her then-32 years of practice.  (*Id*.)  In contrast, Ms. Jaquish attests that, as of March 21, 2020, she had 14 years of experience as a Social Security practitioner and had "litigated six Social Security Disability cases in federal court . . . ." (Jaquish Aff. at ⸿ 5, ECF No. 29.)  In short, there is a clear difference between the experience of Plaintiff's counsel and the proposed comparator.  Although Plaintiff concedes as much,[2] the Court is left without evidence of the current prevailing hourly rate of Social Security practitioners in Ohio with similar skill, experience, and reputation as Plaintiff's counsel. Plaintiff has therefore failed to carry his burden under *Bryant*.

The undersigned further agrees with the Commissioner that $196.74 reflects a reasonable hourly rate.  The Sixth Circuit has held that the production of CPI data alone is insufficient to support a claim for fees in excess of the statutory cap.  *See Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 456 (6th Cir. 2017).  Although, arguably, Plaintiff has not produced any evidence beyond CPI data to support his claim for a higher hourly rate, the Commissioner does not advocate a reduction below the rate calculated using the CPI data.  *Cf. Coursey v. Comm'r of Soc. Sec.*, 843 F.3d 1095, 1098–99 (6th Cir. 2016) (upholding District Court's decision to award attorney fees based on hourly rate that was higher than $125 statutory cap, but less than requested rate, where Plaintiff submitted CPI data and an affidavit as to his qualifications and normal hourly rate, but failed to submit evidence of the prevailing rates in the community).  In light of the Commissioner's acquiescence to the increased rate, in combination with a review of recent EAJA awards, the undersigned finds that $196.74 constitutes a reasonable hourly rate.

---

[2] "Note: because Attorney Margolius has a longer body of experience before this Court than does Counsel here, we request only our lower regular rate, $250.00 per hour."  (Pl.'s Mem. in Supp. at 5, ECF No. 28-1.)

*See Decorrevont v. Comm'r of Soc. Sec.*, No. 1:19-cv-0137, 2020 WL 1933576, at *4 (S.D. Ohio Apr. 22, 2020) (recommending an award of attorney fees at the requested hourly rate of $192.00 where the Commissioner did not object to such rate); *Richard v. Comm'r of Soc. Sec.*, No. 1:17-cv-806, ECF No. 31 at 9 (S.D. Ohio May 1, 2019) (awarding attorney fees at the requested hourly rate of $190.02 where the Commissioner did not object to such rate); *Sharpe v. Comm'r of Soc. Sec.*, No. 3:15-cv-2189, 2018 WL 2717279, at *2 (N.D. Ohio June 6, 2018) (same, at an hourly rate of $185.13).

The undersigned therefore **RECOMMENDS** that the Court award fees at a rate of $196.74 per hour, as opposed to the $250.00 Plaintiff seeks.

**B.    Reasonable Hours Expended**

Plaintiff further argues that 40.8 hours was a reasonable amount of time for his counsel to spend on his case.[3]  (Pl.'s Mem. in Supp. at 5–11, ECF No. 28-1; Pl.'s Reply at 2–6, ECF No. 32.)  Plaintiff asserts that the complex nature of his medical impairments (traumatic brain injury associated with extraordinary alcohol consumption and psychogenic seizures), their novelty to his counsel, and the non-routine legal questions at issue (*res judicata*, credibility of spousal testimony, and the application of new Listings) contributed to the length of time necessary to competently represent him.  *See Crim v. Comm'r of Soc. Sec.*, No. 1:11-cv-137, 2013 WL 1063476, at *3 (S.D. Ohio Mar. 14, 2013) (identifying factors appropriate for consideration of whether a certain amount of time was reasonably spent on a particular social security disability case), *report and recommendation adopted*, No. 1:11-cv-137, 2013 WL 3367337 (S.D. Ohio Jul.

---

[3] Ms. Jaquish agrees in the Reply brief that the 1.5 hours of work completed before this action was filed is not compensable under the EAJA.  (Pl.'s Reply at 1, ECF No. 32.)  As such, she no longer seeks compensation for that time.  (*Id.*)  However, she now requests compensation for 1.5 hours spent drafting the Reply brief.  (*Id.*)  The total is, therefore, unchanged at 40.8 hours.

5, 2013).  Plaintiff also asserts that, because Ms. Jaquish did not represent him with respect to his prior application for Social Security Disability benefits, she required additional time to familiarize herself with the procedural record.

The Commissioner counters that Plaintiff has not satisfied his burden to show that 40.8 hours was a reasonable amount of time to spend on his representation in this matter.  (Comm'r's Resp. at 4–8, ECF No. 30.)  The Commissioner asserts that the typical number of hours expended in Social Security appeals ranges from 20–30 hours, with 40 hours being on the high end (*Glass*, 822 F.2d at 20; *Hayes v. Sec'y of Health and Hum. Servs.*, 923 F.2d 418, 420 (6th Cir. 1990); *Scott v. Colvin*, No. 4:12-cv-859, 2014 WL 3101327, at *6 (N.D. Ohio July 7, 2014), and that 40.8 hours is therefore "excessive."  The Commissioner further argues that many of the hours on Plaintiff's counsel's timesheet are "excessive, redundant, or . . . clerical in nature."  The Commissioner ultimately requests that Plaintiff's counsel's time be reduced by nearly 40%, to 25 hours.

Having reviewed the record, the undersigned agrees that a portion of Plaintiff's counsel's time is not appropriate for payment under the EAJA.  First, the undersigned finds that certain of Ms. Jaquish's time entries reflect clerical work.  "Purely clerical or secretarial tasks, that is, *non-legal* work, should not be billed . . . ."  *Rodriguez v. Astrue*, No. 3:11-cv-398, 2012 WL 2905928, at *3 (N.D. Ohio July 16, 2012) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10, (1989)).  Ms. Jaquish recorded: 0.1 hours on March 11, 2019, for "Review, calendar Order"; 0.3 hours on March 13, 2019, for "Write Request for Issuance of summons"; 0.1 hours on April 3, 2019, for "Review Notice of Appearance"; and 0.1 hours on March 10, 2020, for "Review Case Termination notice."  (Jaquish Aff. at ₱ 14, ECF No. 29.)  Each of these entries constitutes non-compensable clerical work.  *See Adkins v. Comm'r of Soc. Sec.*, 393 F.Supp.3d 713, 720 (N.D.

Ohio Aug. 13, 2019); *Crim*, 2013 WL 1063476 at *8 ("[T]ime spent for ministerial tasks such as preparing a summons form, a motion to proceed in forma pauperis, or filing should not have been charged at all.").

The undersigned further finds that Plaintiff's counsel spent an excessive amount of time drafting the complaint.  Ms. Jaquish recorded 1.7 hours on March 8, 2019 for "Draft Complaint, Summons."  (Jaquish Aff. at ₱ 14, ECF No. 29.)  The complaint in a Social Security case is generally formulaic, comprised primarily of boilerplate language and standardized forms. "Preparing such a routine complaint should not have taken more than one hour . . . ." *Crim*, 2013 WL 1065476 at *8.  The undersigned will reduce this entry to 1.0 hour.

Finally, Plaintiff requests to supplement his initial request to include the 1.5 hours spent drafting the Reply brief (ECF No. 32).  The undersigned finds that this request constitutes poor billing judgment on the part of Plaintiff's counsel and denies the request.  A client would never be expected to pay for a brief filed nearly three weeks late, and without excuse or a motion for leave of Court.[4]  Plaintiff's counsel cannot now bill that time to her opponent.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434, (1983) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (1980)).

The Commissioner advances several arguments in favor of further reduction, including that (i) the time spent reviewing the administrative record, researching, and outlining was excessive, in light of counsel's representation of Plaintiff at the administrative level, (ii) Plaintiff's counsel improperly "intermingled" tasks within her time entries, and (ii) the time spent after the R&R issued was non-compensable because it did not relate to the prosecution of the case.  The undersigned will address each in turn.

---

[4] The undersigned notes this was not the first instance of such behavior during the pendency of this case.  (*See* Show Cause Order, ECF No. 13.)

First, the Commissioner argues that 8.8 hours[5] reviewing the administrative record, researching, and outlining is excessive, in light of the fact that Ms. Jaquish represented Plaintiff at the administrative level.  (Comm'r's Resp. at 5, ECF No. 30.)  This argument is unavailing. As courts have previously noted, "[e]ven where the client was represented by counsel at the administrative level, a thorough review of the record and preparation of a brief takes time." *Hoover*, 2016 WL 7048311 at *3 (citing *Ritchie v. Colvin*, No. 1:14-cv-1517, 2015 WL 5316065 at *3 (N.D. Ohio Sept. 11, 2015)).  *See also Adkins*, 393 F.Supp.3d at 720 (recognizing a "substantial difference" between the work required at the agency level and on appeal).  The time entries in question correlate directly to Plaintiff's later-filed contentions of error (*see* Pl.'s Statement of Errors, ECF No. 15) and reflect competent legal counsel.

Next, the Commissioner argues that Plaintiff's counsel improperly "intermingled" tasks within her time entries.  (Comm'r's Resp. at 7, ECF No. 30.)  The undersigned disagrees. Although certain time entries account for multiple tasks, those instances are not so frequent, and those tasks not so distinct, as to prevent judicial review and consideration. *See Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F.Supp. 1017, 1021 (N.D. Ohio May 30, 1997).

Finally, the Commissioner takes issue with the 3.6 hours recorded after the R&R recommending remand was issued.  (Comm'r's Resp. at 7, ECF No. 30.)  The time entries in

---

[5] Although the Commissioner does not specify, the undersigned believes the 8.8 hours cited refers to the following time entries:
- June 3, 2019 – 2.3 hours for "Review 2014, 2015, and 2018 Hearing Transcripts"
- June 5, 2019 – 2.5 hours for "Review medical records Administrative record"
- June 7, 2019 – 1.0 hour for "Caselaw Research and Review, review of new Listings 12.08, 12.07"
- June 8, 2019 – 1.5 hours for "Caselaw Research and Review Research Res Judicata, Spouse Testimony"
- June 28, 2019 – 1.5 hours for "Telephone meeting with client and spouse to discuss theory of the case Outline Theory of the Case."

(Jaquish Aff. at ⁋ 14, ECF No. 29.)

question reflect 2.3 hours on February 22, 2020, for "Telephone meeting with client and wife, explaining the Court's decision in detail" and 1.3 hours on March 9, 2020, for "Review Judgement; explain meaning and process going forward to client." (Jaquish Aff. at ¶ 14, ECF No. 29.) The Commissioner argues, without reference to any supporting authority, that this time is non-compensable because it "did not go to the filing and prosecution of the case." In his Reply brief, Plaintiff notes that "[w]hile [3.6 hours] may seem excessive, [the impairment giving rise to his application for disability benefits] is a brain injury so severe that it required removal of a substantial part of his left frontal brain." (Pl.'s Reply at 4–5, ECF No. 32.) The record indeed reflects that Plaintiff's medical impairments impact his memory, concentration, and comprehension. (*See* R. at 452, ECF No. 8-7.) The undersigned therefore declines to reduce this expenditure of time, on the basis that it was what *this* case required. *Glass*, 822 F.2d at 20.

In sum, it is **RECOMMENDED** that, in applying the lodestar calculation, the Court reduce the hours expended from 40.8 to 38.0.

## IV.    DISPOSITION

For the reasons discussed above, the undersigned **RECOMMENDS** that Plaintiff's Motion for an Award of Attorney fees (ECF No. 28) be **GRANTED IN PART** and that the Court **AWARD** Plaintiff attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of **$7,876.12** (38.0 hours multiplied by $196.74 per hour, plus $400 in costs). The undersigned further **RECOMMENDS** that the Court direct that, if Plaintiff does not owe a debt to the United States, the Government should honor an assignment of Plaintiff's EAJA fees to her counsel.

## V.    PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE